UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        Case No.

APPROXIMATELY $9,600.00 IN UNITED STATES CURRENCY FROM PRIME FINANCIAL CREDIT UNION ACCOUNT ENDING IN 8001-0001, and

APPROXIMATELY $8,500.00 IN UNITED STATES CURRENCY FROM PRIME FINANCIAL CREDIT UNION ACCOUNT ENDING IN 8001-0002,

    Defendants.

---

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM**

---

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Scott J. Campbell, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1.     This is a civil action to forfeit properties to the United States of America, under Title 18, United States Code, Sections 981(a)(1)(C) and 984, including cross-references to Title 18, United States Code, Sections 1956(c)(7) and 1961(1), for violations of Title 18, United States Code, Sections 1341 and 1343.

## The Defendants In Rem

2. The defendant approximately $9,600.00 in United States currency was seized on or about June 2, 2020, when the United States Secret Service received a cashier's check in that amount from Prime Financial Credit Union, following the Secret Service's execution of seizure warrant #20-M-301, on the bank, on June 2, 2020.

3. United States Magistrate Judge Stephen C. Dries of the Eastern District of Wisconsin had issued warrant #20-M-301 on June 1, 2020. The warrant authorized the seizure of up to $9,600.00 from Prime Financial Credit Union account ending in 8001-0001, held in the name of Dana D. Jackson, located in Cudahy, Wisconsin.

4. The defendant approximately $8,500.00 in United States currency was seized on or about June 2, 2020, when the United States Secret Service received a cashier's check in that amount from Prime Financial Credit Union, following the Secret Service's execution of seizure warrant #20-M-300, on the bank, on June 2, 2020.

5. United States Magistrate Judge Stephen C. Dries of the Eastern District of Wisconsin had issued warrant #20-M-300 on June 1, 2020. The warrant authorized the seizure of up to $8,500.00 from Prime Financial Credit Union account ending in 8001-0002, held in the name of Dana D. Jackson, located in Cudahy, Wisconsin.

6. The defendant properties were seized in Cudahy, Wisconsin, and are presently in the custody of the United States Secret Service in Washington D.C.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

8. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b).

9. Venue is proper in this district under 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred, in part, in this district.

**Basis for Forfeiture**

10. The defendant approximately $9,600.00 in United States currency from Prime Financial Credit Union account ending in 8001-0001 is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C) and 984, because it constitutes or was derived from proceeds traceable to offenses constituting "specified unlawful activity" – as defined in Title 18, United States Code, Section 1956(c)(7), with reference to Title 18, United States Code, Section 1961(1) – namely, wire fraud, committed in violation of Title 18, United States Code, Section 1343, and mail fraud, committed in violation of Title 18, United States Code, Section 1341.

11. The defendant approximately $8,500.00 in United States currency from Prime Financial Credit Union account ending in 8001-0002 is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C) and 984, because it constitutes or was derived from proceeds traceable to offenses constituting "specified unlawful activity" – as defined in Title 18, United States Code, Section 1956(c)(7), with reference to Title 18, United States Code, Section 1961(1) – namely, wire fraud, committed in violation of Title 18, United States Code, Section 1343, and mail fraud, committed in violation of Title 18, United States Code, Section 1341.

**Facts**

**Background**

12. One common financial fraud scheme is known as an advance-fee loan fraud scheme. In an advance-fee loan fraud scheme, fraudsters will portray themselves as a legitimate business with financial industry connections or lending ability. They will frequently use computer pop-up advertising or websites to entice would-be victims with guarantees of approval or available funds.

13. After a victim applies for a loan, they will be required to pay an "advance-fee" for such things as "processing," "insurance," or "paperwork." The victim is directed to make such advance-fee payment to a third party typically by wire transfer or cashier's check. That fee, in many cases, is sent to the person or persons who launder the proceeds of the fraud scheme. Such a launderer often opens the bank account or accounts in the name of one or more fictitious businesses in order to conceal the fraudulent nature of the bank account from the bank and the victims who are duped into wiring money or sending checks there.

14. Perpetrators of advance-fee loan fraud schemes sometimes also recruit witting or unwitting persons within the United States to open bank accounts that the perpetrators use to receive the proceeds of the fraud scheme.

15. Not all such third-party account holders who receive illicit proceeds are ignorant, at least initially, as to the nature of the fraud proceeds being deposited into their accounts. Some persons who open and use accounts to receive fraud proceeds are witting money mules who understand the criminal nature of the funds they are receiving in the account from the outset. Other such account holders are put on notice of the facts that they are receiving, and helping launder, fraud proceeds during the course of receiving such fraud proceeds into their account.

Thus, some persons who launder fraud proceeds might begin as unwitting money mules but then progress to becoming witting money launderers.

**Prime Financial Credit Union accounts**

16. Prime Financial Credit Union account ending in 8001-0001 ("PF-0001") was a savings account held in the name of Dana Jackson.

17. Prime Financial Credit Union account ending in 8001-0002 ("PF-0002") was a checking account held in the name of Dana Jackson.

**May 7, 2020 deposit of $9,600 into PF-0001 and May 8, 2020 deposit of 8,500 into PF-0002, which funds were from a victim having the initials B.H.**

18. During April and May 2020, an unknown suspect or suspects perpetrated an advance-fee loan fraud scheme on a victim in Florida having the initials B.H., who owned a business having the initials B, LLC.

19. The fraudsters caused B.H. to mail two cashier's checks – one in the amount of $9,600 and one in the amount of $8,500 – to Dana Jackson in the Eastern District of Wisconsin, which checks Dana Jackson then deposited into PF-0001 and PF-0002, respectively, as set forth below.

20. When corresponding with B.H. via email, the fraudster or fraudsters claimed to be an individual having the initials I.K., the Managing Director of Market Finance Lenders.

21. The fraudsters told B.H., falsely and with intent to defraud, that B.H. had been approved for a loan sum of five million British pounds when that was not, in fact, the case.

22. The fraudsters falsely and fraudulently instructed B.H. that in order for Market Finance Lenders to release the funds, B.H. had to pay two fees, in the amounts of $9,600 and $8,500, to Market Finance Lenders' United States agent by mailing the cashier's checks to their agent, Dana Jackson, 9XX S. Layton Blvd., Unit XXX, Milwaukee, Wisconsin 53215.

23. As instructed by the fraudsters, B.H. purchased two cashier's checks from B.H.'s financial institution, Seacoast National Bank.

    A. On May 5, 2020, B.H. purchased check #1068230 in the amount of $9,600.

    B. On May 6, 2020, B.H. purchased check #1068233 in the amount of $8,500.

24. As instructed by the fraudsters, B.H. mailed the two checks to Dana Jackson.

    A. On May 5, 2020, B.H. sent check #1068230 in the amount of $9,600 via UPS Next Day, tracking number ending 6907, to Dana Jackson at 9XX S. Layton Blvd., Unit XXX, Milwaukee, Wisconsin 53215.

    B. On May 6, 2020, B.H. sent check #1068233 in the amount of $8,500 via UPS Next Day, tracking number ending 8084, to Dana Jackson at 9XX S. Layton Blvd., Unit XXX, Milwaukee, Wisconsin 53215.

25. On May 7, 2020, Dana Jackson deposited check #1068230 in the amount of $9,600 into PF-0001.

26. On May 8, 2020, Dana Jackson deposited check #1068233 in the amount of $8,500 into PF-0002.

27. Dana Jackson deposited check #1068230 and check #1068233 in furtherance of the advance-fee loan fraud scheme.

28. The fraudsters provided B.H. with a phone number of 305-249-XXXX as the number for Dana Jackson. B.H. became suspicious that a phone number with a Florida exchange was provided after sending the checks to Wisconsin.

29. B.H. therefore conducted open source internet searches on the phone number and quickly determined that the phone number did not link to a legitimate lender.

30. B.H. attempted to retrieve the checks, but Dana Jackson had already deposited the checks.

> A. B.H. contacted Seacoast National Bank and reported that B.H. was the victim of a fraud scheme and that B.H. wished to cancel the checks, #1068230 and #1068233.
>
> B. B.H. also contacted Prime Financial Credit Union and reported that B.H. was the victim of a fraud scheme and that B.H. had sent the checks, #1068230 and #1068233, under false pretenses.

31. B.H. later received a phone call from Dana Jackson from the phone number 763-453-XXXX. During that call, Dana Jackson told B.H. to call Prime Financial Credit Union and to tell Prime Financial that B.H. sent the checks and that the funds were for a charity or car business so that Prime Financial would release the funds to Dana Jackson. B.H. refused to do so.

32. Area code 763 is a St. Paul/Minneapolis, Minnesota area code. Dana Jackson previously resided in Minneapolis, Minnesota.

33. B.H. then began receiving text messages from Dana Jackson. In one of the text messages, B.H. told Dana Jackson that B.H. was contacting law enforcement.

34. Dana Jackson told B.H. not to notify law enforcement as this is how Dana Jackson has been making her living for the past three years.

35. On May 22, 2020, Dana Jackson emailed a handwritten letter to Prime Financial Credit Union demanding release of the $9,600 and $8,500. In that letter, Dana Jackson provided her phone number as 763-453-XXXX and her address as 9XX S. Layton Blvd., #XXX, Milwaukee, Wisconsin 53215.

36. Thus, as set forth above, B.H. was the victim of an advance-fee loan fraud scam.

37. Check #1068230 in the amount of $9,600 that Dana Jackson deposited into PF-0001 on May 7, 2020, constituted proceeds of that advance-fee loan fraud scam.

38. Check #1068233 in the amount of $8,500 that Dana Jackson deposited into PF-0002 on May 8, 2020, constituted proceeds of that advance-fee loan fraud scam.

39. The defendant approximately $9,600.00 in United States currency from Prime Financial Credit Union account ending in 8001-0001 consists of, or is traceable to, the $9,600 in funds from check #1068230 that B.H. mailed to Dana Jackson and that Dana Jackson then deposited into PF-0001.

40. The defendant approximately $8,500.00 in United States currency from Prime Financial Credit Union account ending in 8001-0002 consists of, or is traceable to, the $8,500 in funds from check #1068233 that B.H. mailed to Dana Jackson and that Dana Jackson then deposited into PF-0002.

## Warrant for Arrest In Rem

41. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## Claim for Relief

42. The plaintiff repeats and incorporates by reference the paragraphs above.

43. By the foregoing and other acts, the defendant approximately $9,600.00 in United States currency from Prime Financial Credit Union account ending in 8001-0001 constitutes or was derived from proceeds traceable to wire fraud, committed in violation of Title 18, United States Code, Section 1343.

44. By the foregoing and other acts, the defendant approximately $9,600.00 in United States currency from Prime Financial Credit Union account ending in 8001-0001 constitutes or was derived from proceeds traceable to mail fraud, committed in violation of Title 18, United States Code, Section 1341.

45. The defendant approximately $9,600.00 in United States currency from Prime Financial Credit Union account ending in 8001-0001 is therefore subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C) and 984, including cross-references to Title 18, United States Code, Sections 1956(c)(7) and 1961(1).

46. By the foregoing and other acts, the defendant approximately $8,500.00 in United States currency from Prime Financial Credit Union account ending in 8001-0002 constitutes or was derived from proceeds traceable to wire fraud, committed in violation of Title 18, United States Code, Section 1343.

47. By the foregoing and other acts, the defendant approximately $8,500.00 in United States currency from Prime Financial Credit Union account ending in 8001-0002 constitutes or was derived from proceeds traceable to mail fraud, committed in violation of Title 18, United States Code, Section 1341.

48. The defendant approximately $8,500.00 in United States currency from Prime Financial Credit Union account ending in 8001-0002 is therefore subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C) and 984, including cross-references to Title 18, United States Code, Sections 1956(c)(7) and 1961(1).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant properties to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2020.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By:

        s/SCOTT J. CAMPBELL
        SCOTT J. CAMPBELL
        Assistant United States Attorney
        Scott J. Campbell Bar Number: 1017721
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone: (414) 297-1700
        Fax: (414) 297-1738
        E-Mail: scott.campbell@usdoj.gov

## Verification

I, John Milotzky, hereby verify and declare under penalty of perjury that I am a Detective with the Wauwatosa Police Department ("WPD") and a Task Force Agent assigned to the United States Secret Service Milwaukee Resident Office Financial Crimes Task Force ("MFCTF"), that I have read the foregoing Verified Complaint for Civil Forfeiture *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 12 through 40 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Detective with the WPD and a Task Force Agent with the MFCTF.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.


Date: 10/02/2020          s/JOHN MILOTZKY
                                                John Milotzky